IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RASTRICK THOMAS, INDIVIDUALLY AND AS NEXR FRIEND OF A.R.T. AND A.R.T.2, MINORS;<br><br>*Plaintiff,*<br><br>vs.<br><br>SMOKE SHACK BBQ,  SOUTHERN KITCHEN,  THE PARADIES SHOPS LLC,  CHRIS CONGER, JENNIFER BRYAN,  CONGER GROUP LLC,<br><br>*Defendants.* | SA-23-CV-00130-DAE |

## **ORDER**

Before the Court in the above-styled cause of action is Defendants' Opposed Motion to Stay Discovery and Brief in Support [#27], which was referred to the undersigned for disposition on June 1, 2023.  On this day, the Court held a hearing on the motion, at which counsel for all parties appeared via videoconference.  At the close of the hearing, the Court issued its oral ruling, which it now memorializes with this written Order.

Defendants' motion asks the Court to stay discovery pending the resolution of Defendants' motion to dismiss, which is fully briefed and awaiting a ruling from the District Court.  A district court has discretion to stay discovery "for good cause shown."  Fed. R. Civ. P. 26(c).  The Court finds that Defendants have established good cause to stay written discovery and oral depositions until the District Court issues a ruling on their motion to dismiss.  The Court, however, will require Defendants to serve their initial disclosures on Plaintiff as required under Rule 26(a)(1).

1

This case arises out of the detention of Plaintiff and his minor daughters at the San Antonio International Airport on suspicions of sex trafficking. Plaintiff's claims encompass causes of action ranging from race and sex discrimination to premises liability and violations of the Deceptive Trade Practices Act. There are six Defendants named in Plaintiff's First Amended Complaint, from Jennifer Bryan, the restaurant employee who initially contacted law enforcement to report possible human trafficking, to the restaurant where Plaintiff purchased food and was eating when law enforcement detained him, as well as various entities related to the restaurant and its owner.

Due to the nature of Plaintiff's pleadings, the number of Defendants, and the number of causes of action pleaded in this case, the Court finds that there is good cause to stay discovery until the District Court issues an opinion on Defendants' motion to dismiss. As there are currently numerous causes of action pending against multiple parties, discovery could encompass voluminous quantities of documents that pertain to different discrete legal issues and parties. If the District Court dismisses even some of the causes of action or parties, significant resources of both the parties and the Court are likely to be conserved by waiting to commence full-blown discovery until after the District Court's ruling.

Requiring Defendants to serve initial disclosures, however, imposes a minimal burden. Additionally, the process of identifying witnesses and categories of documents that would be relevant to Plaintiff's various claims may help the parties better understand the scope of this case and how discovery could be streamlined and conducted depending on the District Court's rulings.

**IT IS THEREFORE ORDERED** that Defendants' Opposed Motion to Stay Discovery and Brief in Support [#27] is **GRANTED IN PART** as follows: The exchange of all written

discovery and the taking of oral depositions are **STAYED** pending the District Court's resolution of Defendants' motion to dismiss. Upon issuance of the District Court's Order, the stay will be automatically lifted. Defendants are required to serve initial disclosures on Plaintiff within **14 days** of this Order.

SIGNED this 23rd day of June, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE