UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RASTRICK THOMAS, INDIVIDUALLY AND AS NEXT FRIEND OF A.R.T. AND A.R.T. 2, MINORS<br>　　*Plaintiffs,*<br><br>VS.<br><br>SMOKE SHACK BBQ SOUTHERN KITCHEN (SS BBQ) THE PARADIES SHOPS, LLC (PARADIES LAGARDERE @ SAT, LLC; PARADIES LAGARDERE), CHRIS CONGER, JENNIFER BRYAN<br>　　*Defendants.* | §§§§§§§§§§§§§§§§§ | CIVIL ACTION NO. 5:23-CV-130<br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' OPPOSED MOTION TO COMPEL INITIAL DISCLOSURES
AGAINST DEFENDANTS PURSUANT TO RULE 26(a)**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs, Rastrick Thomas, Individually and as next friend of A.R.T. and A.R.T. 2, Minors, ("Plaintiffs"), in the above-styled and numbered cause and files this, Plaintiffs' MOTION TO COMPEL INITIAL DISCLOSURES AGAINST DEFENDANTS, pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, and would respectfully show unto the Court the following:

### I.   BRIEF STATEMENT OF POSITION

Plaintiffs filed their Original Complaint on February 2, 2023. Defendants filed a motion to dismiss and subsequently filed a motion to stay discovery. This Court granted Defendants' motion in part by staying written discovery and depositions. This Court also denied Defendants' motion in part by ordering Defendants to serve their initial disclosures in accordance with Rule 26(a)(1). Defendants took it upon themselves to disregard the Court's order by instead cherry picking what

1

to disclose. Defendants served their initial disclosures on July 7, 2023, but such disclosures were inadequate. Defendants refuse to provide the copies of the insurance policies they identified in their initial disclosures and further refuse to allow Plaintiffs to inspect the documents.

Defendants' attorney refuses to comply with the Court Order and Rule 26(a) by refusing to provide Plaintiffs with the opportunity for inspection and/or copies of the insurance policies. Plaintiffs have been understanding and granted a prior extension to May 8, 2023, for Defendants to file their Motion to Dismiss.

Defendants only provided the following inadequate information in response to the required initial disclosure under Fed. R. Civ. P. 26(a)(1)(iv):

> 4. Fed. R. Civ. P. 26(a)(1)(iv): "for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."
>
> **Certain claims in this lawsuit may be covered by an insurance policy with Beazley Insurance, certain claims may be covered by an insurance policy with Sentry Insurance, and certain other claims are likely not covered by any insurance policy.**

Defendants contend that liability has not been ruled upon thus they do not know which insurance documents need to be disclosed. *See Exhibit 2, Email Between Counsel re Rule 26 Disclosures*. Defendants' assumption is a complete misapplication of Rule 26(a). The Federal Rules specifically state that "***any*** insurance agreement under which an insurance business ***may*** be liable…". Fed. R. Civ. P. 26(a)(1)(iv). Further, Rule 34 specifically provides as follows:

> Rule 34 - Producing Documents, Electronically Stored Information, and Tangible Things, or Entering onto Land, for Inspection and Other Purposes
>
> (a) IN GENERAL. A party may serve on any other party a request within the scope of Rule 26(b):
> (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
> (A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or
> (B) any designated tangible things; or

Fed. R. Civ. P. 34.

The documents needed for disclosure fall directly under the "any designated documents or electronically stored information – including writings, drawings, charts…" Fed. R. Civ. P. 34. Insurance policy documents are electronically stored information as indicated in Rule 34 and also fall in the category "any insurance agreement" as indicated in Rule 26 26(a)(1)(A).

As such, Defendants' response is insufficient and clearly defies the Court's order. This response does not include any attachment of the identified insurance policies nor does the response include any proposed date or time in which Plaintiffs can inspect the documents. Accordingly, Defendants should be compelled to disclose the insurance policies as required by both Rule 26(a)(1) and this Court's previous order.

## II.   LEGAL STANDARDS AND ANALYSIS

Defendants' outright refusal to provide dates for inspection of the documents, with no reasoning, costs both parties more as litigation costs rise and is inefficient litigation practice.

Plaintiffs now ask that the Defendants be compelled to comply with the Court's order regarding required disclosures, which include providing Plaintiffs with copies of and the

opportunity for inspection of the aforementioned insurance policies within 5 days of this Court's Order.

### III.     EXHIBIT INDEX

In support of this Motion to Compel Initial Disclosures, Plaintiffs submit the following Exhibits:

- Exhibit 1 – Signed Order Requiring Defendants to Serve Initial Disclosures, dated June 23, 2023;
- Exhibit 2 – Emails Between Counsel Regarding Rule 26 Disclosures, dated July 7, 2023 – July 13, 2023;
- Exhibit 3 – Defendants' Initial Disclosures Served July 7, 2023.

### IV.     RELIEF REQUESTED

For the above-stated reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion. Plaintiffs further request any other relief to which Plaintiffs may be entitled and ask the Court to Rule as follows:

Within 5 days of this order, Defendants must adequately supplement fully, their initial disclosures to Plaintiffs as required under Rule 26(a)(1) and as previously ordered by this Court on June 23, 2023.  The disclosures must include:

1. copies of any and all insurance policies, and related insurance documents, in which claims may be covered; and
2. reasonably proposed dates in which Plaintiffs may inspect the insurance policy documents.

### PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully pray for the following:

(i) that Plaintiffs' MOTION TO COMPEL INITIAL DISCLOSURES is granted; and (ii) that Plaintiffs be awarded such other and further relief to which Plaintiffs might otherwise be justly entitled.

                Respectfully submitted,

                **EDWARDS SUTARWALLA PLLC**

By: _____
George Edwards III
State Bar No. 24055438
Fed. Id. No. 1031248
Stephany M. Simien
State Bar No. 24117297
Fed. Id. No. 3698005
602 Sawyer Street
Suite 490
Houston, Texas 77007
Phone: (713) 565-1353
Fax: (713) 583-8715
Email: george@eslawpartners.com
Email: stephany@eslawpartners.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing instrument has been served in compliance with Federal Rules of Civil Procedure on July 26, 2023.

_____
George Edwards III

## CERTIFICATE OF CONFERENCE

    Counsel for Plaintiffs has conferred with Defendants' lawyer in an effort to avoid filing the instant motion, on July 7, 2023, and July 13, 2023. Since Defendants' lawyer refused to provide the above-referenced initial disclosures of copies and/or inspection of required insurance policies pursuant to Rule 26(a), this Motion was made necessary.

_____
George Edwards III